Don R. JOHNSON, Jr., Appellant,

v.

Faye Johnson MAXWELL, Appellee.

No. 5233.

Court of Civil Appeals of Texas, Waco.

April 12, 1973.

Anthony L. Vetrano, Jr., Houston, for appellant.

Royal W. Moore, Houston, for appellee.

## OPINION

McDONALD, Chief Justice.

This is an appeal by appellant from judgment ordering return of two minor children to custody of appellee; and terminating visitation and communication rights of the parties, with children in custody of the other party.

Appellant Don Johnson and appellee Faye Johnson Maxwell were divorced in March 1967, at which time appellee was awarded custody of the parties' son and two daughters. In July 1969, the trial court awarded appellant custody of the parties' son; ordered custody of the parties' two daughters to remain with appellee; ordered appellant to pay $40. per week child support for maintenance of the two girls; and denied both parties right of visitation to children in custody of the other.

In July 1971, appellant filed petition to modify the above order to allow him visitation periods with the two girls. In September 1971, the trial court allowed appellant visitation rights by temporary order, which was made permanent in March 1972.

In August 1972, appellee filed motion to cite appellant in contempt for not making child support payments for the two daughters, and further alleged appellant had enticed the two girls from custody of appellee in Dallas and had them with him in Houston. Appellee prayed appellant be cited to show cause why he should not be held in contempt, pay arrearages, and not relinquish the two girls to their legal custodian, appellee.

Appellant filed a plea in abatement alleging the girls came to live with him voluntarily, and that appellee's cause of action should be one of Habeas Corpus.

The trial court after hearing rendered judgment dismissing appellee's motion for contempt; and "on its own motion" ordered the two minor daughters (ages 11 and 14) returned to the custody of their mother; terminated all visitation rights of the parties to children in custody of the other; and ordered no phone calls or letters from either party to children in custody of the other.

Appellant appeals on 2 points asserting "the real issue on appeal is whether or not the trial judge on his own motion and order in an ancillary proceeding may make final judgment as to custody and visitation rights without hearing evidence on the same."

The trial court did not make final judgment as to custody. Custody of the two daughters was with appellee by virtue of the 1969 judgment. The record reflects the two girls came on their own to live with appellant. The trial judge merely ordered return of the two girls to appellee,

who had legal custody. This the trial court was authorized and empowered to do.

The parties had visitation rights with children not in custody by virtue of the March 1972 judgment. While the trial court is vested with broad discretion in matters of visitation and communication, we think the trial court was not authorized under the record to revoke visitation and communication rights of the parties with children not in custody; that such constituted an abuse of discretion; and that visitation and communication rights of the parties should be governed by the court's prior judgment.

The judgment is reformed to delete abolition of visitation and communication rights of the parties with children not in their custody, and as reformed is affirmed. Costs of appeal are taxed one-half against appellant and one-half against appellee.

Reformed and affirmed.